# IN RE: FERNANDEZ
## Case No. 87-49007-FC-09
Eleventh Judicial Circuit, Dade County

February 17, 1988

## OPINION OF THE COURT

DAVID L. LEVY, Circuit Judge.

### *FINAL DECREE DENYING PETITION*
### *FOR CHANGE OF NAME*

THIS MATTER came on before the Court for Final Hearing on Monday, February 1, 1988, in connection with Shirley P. Fernandez O'Brien's Petition to change the last name of her minor son from Fernandez (which the last name of Shirley P. Fernandez O'Brien's former husband, who is also the natural father of the child in question).

The persons present at the hearing included Shirley P. Fernandez, the natural mother of the child whose last name she is seeking to change, Mr. John O'Brien, the current husband of Shirley P. Fernandez O'Brien, Michael Phillip Fernandez, the minor child whose name is the issue in this case, Mr. Ivan F. Fernandez, who is the natural father of the child in question and is the former husband of Shirley P. Fernandez O'Brien, and the attorneys for the parties.

Mrs. Shirley O'Brien testified that she desired to change the last name of her child from Fernandez to O'Brien so that the child's last name would the same as the last name of her current husband (the child resides primarily with the natural mother and Mr. John O'Brien).

Mr. Ivan Fernandez, the natural father of the child, testified, that he strongly objected to having the child's name changed. In addition to stating that he felt that it was in the best interest of the child to keep the last name of Fernandez as a link to the child's family history and cultural heritage, the father also stated that he felt strongly that having the child keep the same last name as the natural father, would serve as a perpetual link between the two of them, particularly in view of the fact that the child will soon be moving to reside in the State of Georgia with his natural mother and her current husband, Mr. John O'Brien.

The parties were unable, either before the Final Hearing or during the Final Hearing, to reach any type of accord of agreement regarding the issue.

The Court, after hearing all of the testimony and considering the reasons given by the parties, as well as the arguments made by counsel for the respective parties, finds that it is in the best interest of the child that the said child keep the legal name that has been given him at birth. Having so found, and being reminded of Mr. Fernandez's plea to the Court to allow his child and him to continue to share the common bond of having the same last name, the Court is reminded of the following verse: (author unknown)

You got it from your father, which was all he had to give.

So it is yours to use and cherish, for as long as you may live.

If you lose the watch he gave you, it can always be replaced.

But a black mark on your name, son, can never be erased.

It was clean the day you took it, and a worthy name to bear.

When he got it from his father, there was no dishonor there.

So make sure you guard it wisely, after all is said and done.

You will be glad the name is spotless, when you give it to your son.

For all of the foregoing reasons, and based upon all of the evidence reviewed at the hearing, it is

CONSIDERED, ORDERED AND ADJUDGED that the Petition to Change the name of Michael Phillip Fernandez to Michael Phillip O'Brien is hereby DENIED.

DONE AND ORDERED at Miami, Dade County, Florida, this 17th day of February, 1988.